# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| MONSTER INVESTMENTS, INC. | ) Case No. 21-16592 <br> ) |
| Debtor. | ) Judge Lori S. Simpson <br> ) <br> ) |

## NOTICE OF SERVICE OF SUBPOENA ON AVANCE TITLE, LLC

PLEASE TAKE NOTICE that on January 26, 2022, IFP Fund I, LLC caused a Subpoena (a copy of which is attached hereto as **Exhibit "A"**) to be served on Avance Title, LLC, c/o InCorp Services, Inc., 7288 Hanover Green Drive, Mechanicsville, VA 23111 via personal service on Traci Loving, Authorized Agent, InCorp Services, Inc.

**SAUL EWING ARNSTEIN& LEHR LLP**

By: */s/ Indira K. Sharma*
Indira K. Sharma
500 E. Pratt Street, Suite 2300
Date: January 27, 2022     Baltimore, MD  21202
(410) 332-8621
Indira.sharma@saul.com

*Counsel for IFP Fund I, LLC*

39567483.1 01/27/2022

# EXHIBIT A

**Subpoena**
**(Avance Title, LLC)**

39567483.1 01/27/2022

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
for the District of Maryland (Greenbelt Division)

In re  Monster Investments, Inc.
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  21-16592

Chapter  11

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  Avance Title, LLC, c/o Incorp Services, Inc., 7288 Hanover Green Drive, Mechanicsville, VA 23111

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Saul Ewing Arnstein & Lehr LLP, Attn: Luke Murley, 1201 N. Market Street Suite 2300, Wilmington, DE 19899 or via Zoom as agreed by the parties. | TBD |

The deposition will be recorded by this method:
Deposition testimony may be recorded by videographic and stenographic means.

☒ *Production*: You, or your representatives, must also produce the documents requested on the attached Rider and any electronically stored information, or objects, related thereto, within 21 days of service of this Subpoena to Saul Ewing Arstein & Lehr, Attn: Luke Murley, 1201 N. Market Street, Suite 2300, Wilmington, DE 19899.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/25/2022

CLERK OF COURT

OR

_____        */s/ Lucian B. Murley*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
IFP Fund I, LLC _____ , who issues or requests this subpoena, are:
Luke Murley, 1201 N. Market Street, Suite 2300, Wilmington, DE 19899, luke.murley@saul.com, 302-421-6898

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# RIDER TO SUBPOENA

## DOCUMENTS REQUESTED

1. All documents in your possession or control relating to IFP Fund I, LLC, including but not limited to the following:

    a. All documents relating to the closing of all real estate transactions between IFP Fund I, LLC and Monster Investments, Inc. (the "**IFP Transactions**") from November 2019 to present.

    b. All documents relating the properties subject to the IFP Transactions from November 2019 to present.

    c. All documents evidence payments made to, or received from, Prestare, LLC and/or Russo & Rieke, LLC related to any real estate transactions involving Monster Investments, Inc.

# AFFIDAVIT OF SERVICE

## UNITED STATES BANKRUPTCY COURT
### Greenbelt District of Maryland

Case Number: 21-16592

**In re Monster Investments, Inc.**

Received by Hester Process Service, Inc. to be served on **Avance Title, LLC, c/o Incorp Services, Inc., 7288 Hanover Green Drive, Mechanicsville, VA 23111**.

I, David M. Hester, Jr., being duly sworn, depose and say that on the **26th day of January, 2022** at **1:21 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Subpoena to Testify at a Deposition in a Bankruptcy Case (Or Adversary Proceeding)** with the date and hour of service endorsed thereon by me, to: **Traci Loving, Authorized Recipient** at the address of: **7288 Hanover Green Drive, Mechanicsville, VA 23111**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
Traci Loving is described as follows:
Skin: White, Sex: Female, Age: 50, Height: 5'7", Weight: 130, Hair: Blonde

I certify that I am over the age of 18, not a party to the above-named action, nor otherwise interested in the subject matter in controversy.

Subscribed and sworn to before me on the 27th day of January, 2022 by the affiant who is personally known to me.

_Donna F Hst_
Notary public

Commonwealth of Virginia
County of Chesterfield
My Commission Expires 11/30/24

David M. Hester, Jr.
Process Server

Hester Process Service, Inc.
P.O. Box 37128
N. Chesterfield, VA 23234
(804) 271-0298

Our Job Serial Number: HTR-2022000714

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1z





3773 Howard Hughes Parkway Suite 500S
Las Vegas, NV 89169-6014

Phone 702.866.2500
Toll-Free 800.2.INCORP (1-800-246-2677)
Fax 702.866.2689

www.incorp.com

## GENERAL AFFIDAVIT

STATE OF NEVADA

COUNTY OF CLARK

PERSONALLY came and appeared before me, the undersigned Notary, the within named Melanie Galero, who is a resident of Clark County, State of Nevada, and makes this her statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of her knowledge:

The named person(s) Mary Collins, Traci Loving, Tina Tatum, and Heather Loving are authorized representatives for Incorp Services, Inc. in the state of Virginia. All person(s) are authorized to accept Service of Process documents on behalf of InCorp Services, Inc.

DATED this 5th day of February, 2021

_____
Affiant

SWORN to subscribed before me, this 5th day of February, 2021

YARA E. ALFARO-SULLIVAN
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 01-71660-1
My Appt. Expires June 12, 2021

_____
NOTARY PUBLIC
My Commission Expires:

InCorp Services, Inc. · 3773 Howard Hughes Parkway Ste. 500S · Las Vegas, NV 89169-6014 · 702.877.2500